CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 22 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD B. CAMPBELL, | CASE NO. 7:12CV00499 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| OFFICERS DUSTIN REYNOLDS AND BENJAMIN BAXLEY,[1] | By: James C. Turk<br>Senior United States District Judge |
| Defendants. | |

Bernard B. Campbell, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Campbell alleges that the defendant jail officials used excessive force against him when they sprayed him with pepper spray. Upon review of the record, the court finds that the defendants' motion for summary judgment must be granted on the ground that Campbell failed to exhaust available administrative remedies.

I

At the time of events at issue in this lawsuit, Campbell was an inmate at the Western Virginia Regional Jail ("WVRJ") in Salem, Virginia. In his § 1983 complaint, Campbell alleges:

> I was attacked by an inmate and forced to defend myself. When Officer Dustin Reynolds came into the pod my attacker fled. I immediately held both hands in the air and dropped on the ground, yelling "I'm down[."] Reynolds pepper sprayed me. Officer Bax[ley] accompanied Officer Reynolds. After seeing that I was on the ground, not resisting, I was pepper sprayed again by Bax[ley] after he [had] already acknowledged I'd been sprayed by Reynolds.

Compl. 2. Campbell sues Officers Reynolds and Baxley, seeking monetary damages and disciplinary action against the officers.

---

[1] In his complaint, plaintiff referred to this defendant as "Officer Baxsley." The court will respect the officer's request to have his name spelled correctly as "Baxley" in the court's record.

Defendants have filed a motion for summary judgment on the ground that Campbell failed to exhaust available administrative remedies before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). Campbell has responded to defendants' motions, making the matter ripe for disposition.

## II

An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

### A.

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether the form of relief the inmate seeks is available under the administrative procedure. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the facility provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

2

The defendants bear the burden of proving the affirmative defense that Campbell failed to exhaust available administrative remedies regarding his claims. Jones v. Bock, 549 U.S. 199, 212 (2007). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). The district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). Moreover, for purposes of the present motion, the court must side with Campbell on any genuinely-disputed material fact. Anderson, 407 F.3d at 677. As a consequence, defendants are entitled to summary judgment on the basis of inexhaustion only if they can "show that the evidence is so one-sided that no reasonable factfinder could find that [the prisoner] was prevented from exhausting his administrative remedies." Hill v. O'Brien, 387 F. App'x 396, 399 (4th Cir. July 12, 2010) (unpublished) (reversing an award of summary judgment against a prisoner who claimed that prison officials had hindered his ability to file administrative grievances).

## B.

The evidence of Campbell's use of the WVRJ grievance procedure regarding his complaint about the pepper spray incident is largely undisputed. Campbell was booked as an inmate at the jail on October 21, 2010. During the booking process, Campbell signed an inmate acknowledgement form, indicating that he had been provided with a copy of the WVRJ Inmate Handbook of Rules and Regulations and had been advised how to access the jail's grievance process.

The Inmate Handbook sets forth the steps an inmate must take to bring a grievance about an incident at WVRJ. Within seven days of the incident, the inmate must provide WVRJ staff

3

with his grievance. The inmate can satisfy this filing requirement by submitting a WVRJ Inmate Request Form, also known as a "blue slip," requesting a grievance form. Within seven days of receiving the blue slip or grievance, the Assistant Security Commander or Assistant Services Commander will determine whether the incident is grievable, meet with the inmate to complete a WVRJ grievance form, attempt to resolve the grievance, and assign a number to the grievance.

If the inmate is not satisfied with the resolution proposed during this informal stage of the grievance procedure, he must write his reasons in a designated section at the bottom of the grievance form and submit it within 48 hours to the appropriate official. The official will review the appeal and respond to the inmate within seven days. If the inmate is unsatisfied with this resolution, he may appeal within 72 hours to the WVRJ superintendent, who is the final arbiter of inmate grievances.

Campbell first filed a blue slip on September 24, 2012, requesting to file grievance about Reynolds and Baxley and the pepper spray incident. Campbell stated in the grievance that the incident occurred on August 15, 2011, more than a year earlier. On October 2, 2012, an officer wrote a reply to Campbell's grievance, stating that the matter was no longer grievable, because Campbell had not filed his grievance within seven days after the incident. Campbell did not appeal this disposition.[2]

## C.

Defendants assert that they are entitled to summary judgment under § 1997e(a) based on Campbell's failure to file a grievance about the August 15, 2011, pepper spray incident within the seven-day time limit as required under the WVRJ grievance procedure. The court finds the defendants' motion to be well taken.

---

[2] In response to defendants' motion, Campbell states that he could not appeal because he did not receive a copy of the October 2, 2012 reply to his grievance and was transferred a few days later.

4

The evidence establishes that Campbell was oriented to, and received his personal copy of, the grievance procedures when he entered the jail in October 2010, but that he did not file a timely grievance under the jail's procedure. Campbell's vague allegation that he did not know he could file a grievance sooner is not sufficient to withstand defendants' motion. An inmate cannot shirk his responsibility to utilize the grievance procedure merely by keeping himself ignorant of its available provisions. Campbell states no facts indicating that the necessary grievance forms and procedures were not available to him in August 2011.

Campbell contends that he waited to complain about the pepper spray incident because he feared that Reynolds and Baxley, who continued to work in the area of the jail where Campbell was housed after the incident, would pepper spray him again. Campbell alleges that "[a]t times Officer Reynolds would make eye contact with me with intimidating looks that feared [sic] me after being sprayed by him." (ECF No. 38, at 3.) Based on these concerns, Campbell planned to wait until his transfer to the Virginia Department of Corrections ("VDOC") to complain about the August 15, 2011 incident. He wrote letters to VDOC officials, asking to be transferred to a VDOC facility.

The court cannot find these allegations sufficient to overcome defendants' motion. Campbell's letters to VDOC officials did not fulfill and cannot substitute for the § 1997e(a) requirement that he file a timely grievance under WVRJ procedures, so that officials there could promptly investigate his allegations. Furthermore, Campbell's speculative worries about Reynolds and Baxley, based on nothing more than the way he thought Reynolds looked at him, cannot support a finding that the WVRJ grievance procedure was unavailable to Campbell in August 2011. Hill, 387 F. App'x at 399. By his own admission, Campbell made a conscious decision to forego complaining about the pepper spray incident until he was about to leave the

5

jail. In so doing, he failed to comply with § 1997e(a)'s exhaustion requirement, and on that basis, defendants are entitled to summary judgment as a matter of law. Accordingly, the court will grant their motions.

## III

For the reasons stated, the court grants defendants' motions for summary judgment on the ground that Campbell failed to exhaust administrative remedies before filing this action. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 22nd day of January, 2013.

*/s/ James C. Turk*
Senior United States District Judge